MARVIN *et al. v.* RECTOR, ETC., ST. LUKE'S EPISCOPAL CHURCH *et al.*

*(Supreme Court, Special Term, Erie County.   June 10, 1891.)*

WILLS—CONSTRUCTION.

> A will bequeathing $25,000 to a library for the purchase of oil paintings which shall "possess merit as works of art," and $5,000 for "useful and suitable books," both of which the executors are to procure and "deliver," and bequeathing all the rest of the estate to a residuary legatee, must be construed as intending that the expense of procuring and delivering the books and pictures shall be paid out of the legacies to the library.

Action by Robert H. Marvin and others, executors of Mary A. Prendergast, against the rector of St. Luke's Episcopal Church and others, for construction of a will.

*Frank W. Stevens,* for plaintiffs.

WARD, J.   Mary A. Prendergast died at Jamestown, N. Y., in December, 1889, having made, published, and declared a last will and testament, in which she appointed the plaintiffs her executors.   In this will, alter providing for the payment of her debts and funeral expenses, she gives various

legacies in 17 clauses of the will, and the eighteenth clause provides as fol-
lows: "*Eighteenth.* I hereby further will and direct my executors herein-
after named, within eighteen months after my decease, to use and expend
from my estate the sum of $5,000 in the economical and judicious purchase
of useful and suitable books for the reference library of the James Prender-
gast Library Association; of Jamestown, N. Y., and that my said executors
deliver said books when purchased to the trustees of said library association.
And I also further will and direct my said executors to use and expend from
my estate within the said period of eighteen months the sum of $2,500 in the
purchase of oil paintings which possess merit as works of art, and, when pur-
chased, I hereby direct my said executors to deliver the same to the trustees
of said James Prendergast Library Association, upon a proper assurance by
said trustees that the said oil paintings shall be forever kept, preserved, and
properly and suitably displayed in the library building of said association in
the said city of Jamestown." The nineteenth clause gives to the executors
$1,000 each; and the twentieth clause is, so far as is important here, as fol-
lows: "*Twentieth.* I give, devise, and bequeath all the rest, residue, and re-
mainder of my estate, both real and personal, to the rector, wardens, and
vestrymen of St. Luke's Episcopal Church, in the said city of Jamestown."
The twenty-first and last clause of the will appoints the plaintiffs as exec-
utors. It is alleged in the complaint that the defendants, the James Prender-
gast Library Association, and the rector, wardens, and vestrymen of St.
Luke's Episcopal Church, were duly incorporated, and existing when the said
will took effect. None of the defendants answered or appeared in the action,
except the defendant Charles Norton, who simply appeared therein.

The executors are in doubt, as appears by the complaint, as to the true con-
struction of the eighteenth clause of the will above set forth, and they bring this
action, and submit to the court the said clause for construction, and allege
that the question has arisen, "whether, in purchasing the books and paintings
named in the said eighteenth clause of the said last will and testament, the
plaintiffs are required or entitled to expend the full sum of $5,000 for such books
and for the purchase price thereof, and the full sum of $25,000 in the purchase
of said oil paintings, as and for the purchase price thereof, and that the neces-
sary expenses by the plaintiffs incurred and made in such purchase be charged
to the estate generally, and be paid from the general fund of such estate, or
whether the said expenses shall be paid from the legacies themselves; that is
to say, whether the expenses incurred in purchasing the books and delivering
them at the library building aforesaid shall be paid from the said sum of
$5,000, or whether the like expense in the purchase of said oil paintings shall
be paid from the said sum of $25,000." From an inspection of this will it is
apparent that the testatrix distributed a large amount of property to many
different persons and objects, with remarkable clearness and precision as to
amount and beneficiaries, and what disposition should be made of the money
or property bequeathed; and unless there is some doubt or confusion growing
out of this eighteenth clause none can be perceived in the will. Had she
intended to have devoted the whole sum of $5,000 to the purchase price of
books alone, or the $25,000 to the purchase price of the paintings alone, the
simple and direct method would have been to have said so, and that would
have been in keeping with the clear and direct statements of the other portions
of the will; but she devotes the $5,000 to "the economical and judicious pur-
chase of useful and suitable books," etc., "* * * and that my said exec-
utors deliver the said books when purchased to the trustees of such library
association." The same provisions are made with reference to the purchase
and delivery of the oil paintings, and they are to "possess merit as works of
art;" so that the will plainly contemplates that in the discharge of this duty
the executors shall exercise care and judgment, and shall procure and deliver
these books and paintings, and they shall be suitable and proper for the pur-

poses for which they are purchased. There is a large amount of money devoted to these objects, and enough to cover all probable expense, and still carry out the purposes of the testatrix. The executors are thus clothed with ample means to discharge this important trust. We must assume that the testatrix understood the expense of procuring this large number of books, and selecting them with care, so that they should be "suitable," and also the unavoidable expense of procuring such works of art and valuable paintings as she desired, which must necessarily involve time and travel, possibly to foreign countries, or at least to distant cities, where such paintings could be found, and where proper selections could be made, and that such expense would be considerable. Had she intended to have charged this expense upon the residuum of the estate, it is probable that the will would have so provided. It is not reasonable to suppose that the testatrix intended to have two separate funds in regard to this object,—one for the purpose of the purchase price of the books and paintings, and the other for the expense of procuring and delivering them. The ordinary and natural conclusion would be that when she had provided a fund (especially a large one) to carry out a particular purpose, she intended that fund to cover all the costs and expenses necessary for the accomplishment of that purpose. There is nothing in the will to indicate a different conclusion. On the contrary, the twentieth and last clause (except the one appointing executors) expressly devises and bequeaths "all the rest, residue, and remainder of the estate, both real and personal," to the rector, etc., of St. Luke's Episcopal Church; so that all the property, except the specific bequests in the preceding clauses of the will, goes to the residuary devisee and legatee, and nothing is left out of which to realize the expenses contemplated by the eighteenth clause except the funds therein provided. The conclusion is irresistible that the testatrix intended that all the costs and expense of procuring and delivering the books should be paid out of the $5,000, and all the costs and expenses of procuring and delivering the paintings should be paid out of the $25,000, and that such is the true intent and meaning of the will, and such is the construction to be given it. Judgment is ordered accordingly, the plaintiffs to recover their costs and disbursements of the action, to be paid out of the residuum of the estate.